UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALINA LAHENS )<br>)<br>Plaintiff, )<br>)<br>vs )<br>)<br>NRA GROUP, LLC )<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>**COMPLAINT**<br>**JURY DEMAND** |

United States Courts
Southern District of Texas
FILED

SEP 23 2025

Nathan Ochsner, Clerk of Court

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is a civil action for actual damages, statutory damages and costs brought by Alina Lahens (Plaintiff), an individual consumer, against Defendant, NRA Group, LLC for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *Id.*

3. The FDCPA is a strict liability statute and generally does not require proof of intentional violation. *See Stratton v. Portfolio Recovery Assocs., LLC.*, 770 F.3d 443 (6th Cir. 2014); *Tourgeman v. Collins Fin Services, Inc.*, 775 F.3d 1109 (9th Cir. 2014).

4. Even a single violation of the FDCPA is sufficient to support liability. *Taylor v. Perrin, Landry, deLaunay, & Durand,* 103 F.3d 1232, 1238 (5th Cir. 1997).

## II. JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) 28 U.S.C. 1331. The Venue in this District is proper in that the Defendant transacts business in Houston, Harris County, Texas, and the conduct complained of occurred in Houston, Harris County, Texas.

## III. PARTIES

6. Plaintiff Alina Lahens (hereinafter "Ms. Lahens") is a natural person residing in Houston, Harris County, Texas. Ms. Lahens is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

7. Ms. Lahens is allegedly obligated to pay an obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes. Ms. Lahens is allegedly obligated to pay a "Debt" as defined by 15 U.S.C. §1692a(5).

8. Upon information and belief, Defendant is a Pennsylvania corporation.

9. Upon information and belief, Defendant principal place of business is 2491 Paxton Street, Harrisburg PA 17111.

10. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly collects or attempts to collect, directly or indirectly, consumer debts owed or due or asserted to be owed or due to another.

11. Defendant NRA Group, LLC (hereinafter referred to as "Debt Collector") is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

**PRELIMINARY STATEMENT**

12. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws...[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§1692(b) & (c).

13. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. §1692(e). After determining that the existing consumer protection laws were inadequate, Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. §1692k.

14. While the FDCPA provides the foundation for consumer protection in regard to debt collection, it does have some limitations. For example, it doesn't include extensive provisions for the new ways of communication,

like email, Short Message Service or SMS (also known as a "text message"), and social media.

15. So, Regulation F was introduced and it became effective November 30, 2021.

16. Regulation F is an updated set of rules that supplement and detail requirements under the FDCPA. It aims to adapt to changes in the way debt collectors and debtors communicate brought about by technological advances, and to provide clear rules that would prevent legal ambiguity.

17. The purpose of Regulation F is to not replace the FDCPA, but to fortify it and modernize it. It provides consumers with more clarity in their interactions with debt collectors, while still allowing the debt collection industry to carry out their operations effectively.

**Regulation F § 1006.6 Communications in connection with debt collection.**
**1. Notification complete upon receipt.** If, pursuant to § 1006.6(c)(1), a consumer notifies a debt collector in writing or electronically using a medium of electronic communication through which a debt collector accepts electronic communications from consumers that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer, notification is complete upon the debt collector's receipt of that information.

**15 U.S.C. § 1692c Communication in connection with debt collection (c) Ceasing Communication.** If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --- (1) to advise the Plaintiff that the Debt Collector's further efforts are being terminated; (2) to notify Plaintiff that the Debt Collector or creditor may invoke specified remedies which are ordinarily invoked by such Debt Collector or creditor; or (3) where applicable, to notify the Plaintiff that the Debt Collector or creditor intends to invoke a specified remedy.

## IV. FACTS OF THE COMPLAINT

18. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

19. At the beginning of August 2025, Plaintiff received four text messages from Defendant. The dates are as follows: August 04, 2025, August 08, 2025, August 12, 2025 and August 18, 2025; and in each text message from Defendant, Defendant was attempting to collect a consumer debt allegedly owed by Plaintiff.

20. Each text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

21. On August 19, 2025, Plaintiff sent a response text message back to Defendant, Plaintiff sent Defendant an *"refusal to pay"* written notice pursuant to 15 U.S.C. §1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

22. According to Regulation F § 1006.6(c)(1) If a consumer notifies a debt collector in writing or electronically using a medium of electronic communication through which a debt collector accepts electronic communications from consumers that the consumer either refuses to pay a debt or wants the debt collector to cease further communication with the consumer, notification is complete upon the debt collector's receipt of that information.

23. According to 15 U.S.C. §1692c(c) of the FDCPA after the Debt Collector has received Plaintiff's *"refuse to pay"* written notice, the Debt Collector shall not communicate further with Plaintiff with respect to such debt, except--- (1) to advise the Plaintiff that the Debt Collector's further efforts are being terminated; (2) to notify Plaintiff that the Debt Collector or creditor may invoke specified remedies which are ordinarily invoked by such Debt Collector or creditor; or (3) where applicable, to notify the Plaintiff that the Debt Collector or creditor intends to invoke a specified remedy.

24. On August 22, 2025, Plaintiff received another text message from Defendant, Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

25. The August 22, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

26. Defendant's text message Defendant sent to Plaintiff on August 22, 2025, constitutes a communication about the debt and an attempt to collect the debt.

27. Defendant's text message Defendant sent to Plaintiff on August 22, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

28. On August 26, 2025, Plaintiff received another text message from Defendant, and Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

29. The August 26, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

30. Defendant's text message Defendant sent to Plaintiff on August 26, 2025, constitutes a communication about the debt and an attempt to collect the debt.

31. Defendant's text message Defendant sent to Plaintiff on August 26, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

32. On September 02, 2025, Plaintiff received another text message from Defendant, and Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

33. The September 02, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

34. Defendant's text message Defendant sent to Plaintiff on September 02, 2025, constitutes a communication about the debt and an attempt to collect the debt.

35. Defendant's text message Defendant sent to Plaintiff on September 02, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

36. On September 08, 2025, Plaintiff received another text message from Defendant, and Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

37. The September 08, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

38. Defendant's text message Defendant sent to Plaintiff on September 08, 2025, constitutes a communication about the debt and an attempt to collect the debt.

39. Defendant's text message Defendant sent to Plaintiff on September 08, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

40. Plaintiff on September 09, 2025, in response to the barrage of text messages Defendant continued to send Plaintiff after receiving Plaintiff's *"refusal to pay"* written notice pursuant to 15 U.S.C. §1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1) on August 19, 2025. Plaintiff sent Defendant another response text message back, Plaintiff sent Defendant a second *"refusal to pay"* written notice pursuant to 15 U.S.C. §1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1), hoping Defendant would finally adhere to and follow Federal Law, but Defendant didn't.

41. On September 12, 2025, Plaintiff received another text message from Defendant, and Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

42. The September 12, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

43. Defendant's text message Defendant sent to Plaintiff on September 12, 2025, constitutes a communication about the debt and an attempt to collect the debt.

44. Defendant's text message Defendant sent to Plaintiff on September 12, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

45. On September 16, 2025, Plaintiff received another text message from Defendant, and Defendant was once again attempting to collect the consumer debt allegedly owed by Plaintiff.

46. The September 16, 2025, text message Defendant sent Plaintiff is a "communication" as defined by 15 U.S.C. §1692a(2).

47. Defendant's text message Defendant sent to Plaintiff on September 16, 2025, constitutes a communication about the debt and an attempt to collect the debt.

48. Defendant's text message Defendant sent to Plaintiff on September 16, 2025, violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

49. Defendant by their actions have shown complete disregard for the rules of the FDCPA.

50. As a direct and proximate result of Defendant's violations of 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1) Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of invasion of privacy, intrusion upon seclusion, emotional distress, mental anguish, stress, anxiety, anger, frustration, humiliation, amongst other negative emotions and costs associated with legal defense.

## V. FIRST CLAIM FOR RELIEF

### NRA Group, LLC

### 15 U.S.C. § 1692c(c) and Regulation F § 1006.6(c)(1)

51. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

52. The Debt Collector violated the FDCPA and Regulation F.

53. The Debt Collector's violations include, but are not limited to, the following:

54. The Debt Collector violated 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1) by continuing its attempts to collect a debt from Plaintiff after Plaintiff notified Defendant in writing that Plaintiff refused to pay the alleged debt.

55. As a direct and proximate result of Defendant's actions Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of invasion of privacy, intrusion upon seclusion, emotional distress, mental anguish, stress, anxiety, anger, frustration, humiliation, amongst other negative emotions and costs associated with legal defense.

56. The previous Paragraphs state a prima facie case for Plaintiff and against the Defendant for violation of 15 U.S.C. § 1692c(c) of the FDCPA and Regulation F § 1006.6(c)(1).

57. As a result of the aforementioned violations of the FDCPA and Regulation F, the Defendant is liable to Plaintiff for actual damages, statutory damages, and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C. §1692k(1)

C. Statutory damages pursuant to 15 U.S.C. §1692k(2)(A)

D. Cost pursuant to 15 U.S.C §1692k(3)

E. For such other and further relief as the Court may deem just and proper.

Respectfully submitted:

_____ Date: 09/23/2025

Alina Lahens (Pro se Plaintiff)

14606 Alderete Dr

Houston, TX 77068

713-263-4433 (telephone)

lahensalina@icloud.com (email)